IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                  *
                                        *    CASE NO:
ELISA APARTMENT CORP.                   *
                                        *
DEBTOR                                  *    CHAPTER 11
*****************************************

* APPLICATION FOR EMPLOYMENT OF ATTORNEY *

TO THE HONORABLE COURT:

      **COMES NOW**, the debtor in in possession, as applicant in this matter, who applies to the Court for the approval of Jorge Rafael Collazo Sánchez, Esq., as debtor's attorney and respectfully states as follows:

      1. **On April 1, 2011** the above captioned debtor filed a petition under the dispositions of Chapter 11 of the Bankruptcy Code. The debtor will continue to manage its properties and operate its business as debtor in possession pursuant to Sections 1101 and 1107 of the Title 11 of the United States Code.

      2. Debtor needs the services of an attorney to properly administer its bankruptcy case.

      3. To that effect, Debtor has retained **Jorge Rafael Collazo Sánchez**, as its legal counsel because he has considerable experience in bankruptcy proceeding and Debtor believes that he is well qualified to represent it in this case.

      4. Debtor intends that Jorge Rafael Collazo Sánchez will represent it in this case and in all matters relating thereto. The professional services to be rendered will include:

      a. advise debtor with respect to its duties, powers and responsibilities in this case under the laws of the United States and Puerto Rico in which the debtor in possession conducts its operations, do business, or is involved in litigation;

      b. advise debtor in connection with a determination whether a reorganization is feasible and, if not, helping debtor in the orderly liquidation of its assets;

c. assist the debtor with respect to negotiations with creditors for the purpose of arranging the orderly liquidation of assets and/or for proposing a viable plan of reorganization;

d. prepare on behalf of the debtor the necessary complaints, answers, orders, reports, memoranda of law and/or any other legal papers or documents:

e. appear before the bankruptcy court, or any court in which debtors assert a claim interest of defense directly or indirectly related to this bankruptcy case;

f. perform such other legal services for debtor as may be required in these proceeding or in connection with the operation of/and involvement with debtor's business, including but not limited to notarial services;

g. employ other professional services, if necessary.

5. To the best of my knowledge, Jorge Rafael Collazo Sánchez nor any of his employees, have any connection with the creditors, any party in interest, their attorneys, their accountants, the U.S. Trustee, and the personnel of the U.S. Trustee.

6. To the best of the debtor's knowledge, Jorge Rafael Collazo Sánchez, Esq., nor any of his employees, represent or hold any interest adverse to the debtor or the estate in the matters upon which he is to be engaged, pursuant to 11USC 327 (a).

7. To the best of the debtor's knowledge, Jorge Rafael Collazo Sánchez is a disinterested person within the meaning of 11 U.S.C 101(14).

8. To the best of debtor's knowledge , Jorge Rafael Collazo Sánchez, is aware that he may not share or agree to share the compensation or reimbursement received from the services provided in this case, pursuant to 11 USC 504, except as provide by law.

9. The terms of compensation agreed to are as follows: that Jorge Rafael Collazo Sanchez had received a retainer in this case in the amount of $2,000.00 which was paid by Debtor form the operations of its business.

10. Compensation for professional services to be rendered in this case is agreed as $150.00 per hour plus any cost and expenses.

11. Any compensation to be received is subject to the Court's approval upon proper application and notice thereof. Due to the nature of the case and the expected time and resources to be dedicated to the expected issues the application for compensations will be considered on 120 days.

12. That a verified statement is attached to this application in compliance with Section 327(a) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedures 2014.

In addition, and in compliance with LBR 2014-1, applicant enclosed his personal curriculum vitae.

13. Pursuant to the provisions of 11 USC 327(a), no notice of this application need to be given and no hearing need to be held unless the Court should otherwise direct.

14. A copy of this application has been served upon the US Trustee, pursuant to Federal Rule of Bankruptcy Procedures 2014.

**WHEREFORE**, the debtor pray this Honorable Court to enter an order approving the employment of Jorge Rafael Collazo Sánchez, pursuant to Section 327(a) of the Bankruptcy Code, for the purpose hereinafter described with compensation to be allowed upon prior application and after notice and hearing, if necessary.

In Coamo, Puerto Rico, this 1 day of April 2011.

JOSE SAUL BELENDES SOTOMAYOR
PRESIDENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record including the US Trustee.

S:\JORGE RAFAEL COLLAZO SANCHEZ
ATTORNEY FOR DEBTOR
USDC-PR: 127203
BOX 1494
COAMO, PUERTO RICO 00769
TEL. (787) 825-7161
FAX: (787) 825-7122
coa@prtc.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE                                          *
                                               *   CASE NO.:
ELISA APARTMENT CORP.                          *
                                               *
DEBTOR                                         *   CHAPTER 11
*****************************************

## VERIFIED STATEMENT OF ATTORNEY

I, JORGE RAFAEL COLLAZO SANCHEZ, do hereby certify under penalty of perjury that to best of my knowledge, information and belief the following is true and correct

1. I am in good standing fully admitted to practices as such in the Commonwealth of Puerto Rico by the Supreme Court of Puerto Rico since October 31, 1977 and the United States District Court for at the District of Puerto Rico since February 29, 1980.

2. Debtor needs the services of an attorney to properly administer its bankruptcy case.

3. To that effect, Debtor herein, has select me Jorge Rafael Collazo Sánchez as its legal counsel because I have considerable experience in bankruptcy proceedings and Debtor believes that I am well qualified to represent it in this case.

4. Debtor intends that I will represent it in this case and in all matters relating thereto. The professional services to be rendered will include:

a. advise debtor with respect to its duties, powers and responsibilities in this case under the laws of the United States and Puerto Rico in which the debtor in possession conducts its operations, do business, or is involved in litigation;

b. advise debtor in connection with a determination whether a reorganization is feasible and, if not, helping debtor in the orderly liquidation of its assets;

  c. assist the debtor with respect to negotiations with creditors for the purposes of arranging the orderly liquidation of assets and/or for proposing a viable plan of reorganization;

  d. prepare on behalf for the debtor the necessary complaints, answers, orders, reports, memoranda of law and/or any other legal papers or documents;

  e. appear before the bankruptcy court, or any court in which debtors assert a claim interest or defense directly or indirectly related to this bankruptcy case;

  f. perform such other legal services for debtor as may be required in these proceedings or in connection with the operation of/and involvement with debtor's business, including but not limited to notarial services;

  g. employ other professional services, if necessary.

  5. To the best of my knowledge, I nor any of my employees have any connection with the creditors, any party in interest, their attorneys, their accounts, the U.S. Trustee, and the personnel of the U.S. Trustee.

  6. To the best of the debtor's knowledge, me or any of my employees, represent or hold any interest adverse to the debtor or the estate in the matters upon which I will be engaged, pursuant to 11USC 327 (a).

  7. To the best of my knowledge, I am a disinterested person within the meaning of 11 U.S.C 101(14).

  8. I have not agree to share with any person, the compensation to be paid for the services rendered in this case.

  9. The terms of compensation agreed to are as follows: I have received a retainer in this case in the amount of $2,000.00, which was paid by Debtor from the operations of its business.

10. Compensation for professional services to be rendered in this case is agreed as follows:

a. $150.00 per hour plus any costs and expenses

11. Any compensation to be received is subject to the Court's approval upon proper application and notice thereof. Pursuant to the provisions of 11 USC 327(a), no notice of this application need to be given and no hearing need to be held unless the Court should otherwise direct. Due to the nature of the case and the expected time and resources to be dedicated to the expected issues the application for compensations will be considered on 120 days.

12. I will amended this statement immediately upon my learning that:

a. any of the representations made herein are incorrect, or

b. the is any change of circumstances relating thereto

13. I have reviewed the provisions of LBR 2016-1

In Coamo, Puerto Rico, this 1 day of April 2011.

S:\JORGE RAFAEL COLLAZO SANCHEZ
ATTORNEY FOR DEBTOR
USDC-PR: 127203
BOX 1494
COAMO, PUERTO RICO 00769
TEL. (787) 825-7161
FAX: (787) 825-7122
coa@prtc.net

# JORGE RAFAEL COLLAZO SANCHEZ

**EXPERIENCE**

Jorge Collazo, Law Office
December 1990 to present
Attorney - owner

Services to debtors searching for personal and commercial workouts, liquidations, turnarounds and financial reorganization under the provisions of Chapter 11 of the Bankruptcy Code, Chapter 13 cases and Chapter 7.

Puerto Rico Legal Services, Inc.
1977 to November 1990
Director of Aibonito Office

Administrative work and legal work, supervisor of 5 attorneys in civil cases and bankruptcy petitions; trial lawyer.

**EDUCATION**

Catholic University of Puerto Rico
Juris Doctor 1977

Catholic University of Puerto Rico
Bachelors Degree Natural Sciences (1970-1974)

**Licenses:**

Supreme Court for the Commonwealth of Puerto Rico (1977)
United States of America District Court for the District of Puerto Rico (2-29-80)
United States of America First Circuit (11-13-2000)

**Professional Associations:**

Puerto Rico Bar Association
Puerto Rico Bankruptcy Bar Association
National Association of Consumer Bankruptcy Attorney's